COURT OF CHANCERY
OF THE
STATE OF DELAWARE

LORI W. WILL
VICE CHANCELLOR

LEONARD L. WILLIAMS JUSTICE CENTER
500 N. KING STREET, SUITE 11400
WILMINGTON, DELAWARE 19801-3734

February 3, 2025

Jeffrey J. Lyons, Esquire
Michael E. Neminski, Esquire
Bakers & Hostetler LLP
1201 North Market Street, Suite 1407
Wilmington, Delaware 19801

Michael A. Pittenger, Esquire
Matthew F. Davis, Esquire
Nicholas D. Mozal, Esquire
Potter Anderson & Corroon LLP
1313 North Market Street
Wilmington, Delaware 19801

RE: *Jonathan Thomas Jorgl v. AIM ImmunoTech Inc., et al.*
C.A. No. 2022-0669-LWW

Dear Counsel:

Before me are cross-motions for attorneys' fees filed by plaintiff Jonathan Thomas Jorgl and defendants AIM ImmunoTech Inc., Thomas K. Equels, William Mitchell, and Stewart Appelrouth. Each side seeks fee shifting under the bad faith exception to the American Rule. For the reasons that follow, both motions are denied.

## I. RELEVANT BACKGROUND

The background of this case is detailed in an October 28, 2022 memorandum opinion.[1] There, I denied Jorgl's request for a preliminary mandatory injunction that would have required AIM's board to accept his nomination of director

---

[1] Mem. Op. Regarding Mot. for Prelim. Inj. (Dkt. 203) ("Mem. Op."); *Jorgl v. AIM ImmunoTech Inc.*, 2022 WL 16543834 (Del. Ch. Oct. 28, 2022).

candidates and include his nominees on AIM's universal proxy card. The "limited record before me" suggested that AIM's board reasonably "concluded a clandestine plan was afoot" when it rejected Jorgl's notice for failure to disclose arrangements and understandings, as required by AIM's advance notice bylaws.[2]

In the subsequent proxy season, Jorgl was out and another AIM stockholder—Ted Kellner—slotted in. Like Jorgl, Kellner sought to nominate a slate of AIM board candidates, including one of Jorgl's nominees. The board rejected Kellner's nomination for non-compliance with the expansive advance notice bylaws it had adopted after the Jorgl nomination. That rejection spawned a new action brought by Kellner, an expedited trial, and an appeal.[3] After the appeal was resolved in July 2024, Kellner asked the Delaware Supreme Court to remand the case for an award of attorneys' fees and costs.[4] That request was swiftly denied.[5]

---

[2] Mem. Op. 3.

[3] *See Kellner v. AIM ImmunoTech Inc.*, 307 A.3d 998 (Del. Ch. 2023), *aff'd in part, rev'd in part*, 320 A.3d 239 (Del. 2024).

[4] Mot. for Rearg., *Ted Kellner v. AIM ImmunoTech Inc., et al.*, No. 3, 2024, 320 A.3d 239 (Del 2024) (Dkt. 56) (Del. July 26, 2024).

[5] Order, *Kellner*, No. 3, 2024 (Dkt. 57) (Del. July 29, 2024).

The parties then resurrected the cross-motions for attorneys' fees they had filed a year prior in the dormant *Jorgl* action.[6]  Oppositions and replies were filed in September 2024.[7]  Jorgl's motion for leave to file a sur-reply was denied in October.[8]  The parties asked that I resolve the motions on the papers.[9]

## II.    ANALYSIS

Delaware courts follow the American Rule, requiring each party to pay its own attorneys' fees.[10]  There are recognized exceptions, including for bad faith conduct.[11]  The bad faith exception permits a court to shift attorneys' fees in "extraordinary circumstances" to deter abusive litigation and protect the integrity of the judicial process.[12]  The party seeking fee shifting must show by "clear

---

[6] Pl.'s Mot. for Att'ys' Fees (Dkt. 213) ("Pl.'s Mot."); Defs.' Mot. for Fee Shifting (Dkt. 214) ("Defs.' Mot.").

[7] Defs.' Opp'n to Pl.'s Mot. for Att'ys' Fees (Dkt. 255) ("Defs.' Opp'n"); Pl.'s Response in Opp'n to Defs.' Mot. for Fee Shifting (Dkt. 256) ("Pl.'s Opp'n"); Defs.' Reply in Supp. of their Mot. for Fee Shifting (Dkt. 260) ("Defs.' Reply"); Pl.'s Reply in Supp. of Mot. for Att'ys' Fees (Dkt. 261).

[8] Dkt. 267.

[9] Dkt. 252.

[10] *See Montgomery Cellular Hldg. Co., Inc. v. Dobler*, 880 A.2d 206, 227 (Del. 2005).

[11] *See Scion Breckenridge Managing Member, LLC v. ASB Allegiance Real Est. Fund*, 68 A.3d 665, 687 (Del. 2013) (outlining exceptions to the American Rule).

[12] *Shawe v. Elting*, 157 A.3d 142, 149 (Del. 2017) (quoting *Montgomery Cellular*, 880 A.2d at 227).

evidence" that the opposing party acted in "subjective bad faith."[13] This "more stringent 'clear evidence' standard of proof" requires a showing that the conduct was "so fraudulent, frivolous, vexatious, wanton or oppressive as to amount to egregiousness."[14]

Here, each side accuses the other of such misconduct. Neither meets its burden.

### A.    Jorgl's Motion

Jorgl asks me to shift fees incurred from the defendants' issuance of subpoenas to his litigation counsel at BakerHostetler LLP and a motion to compel compliance with those subpoenas.[15] He insists that the subpoenas were "frivolous and duplicative," and meant to harass and prejudice his counsel's ability to represent him effectively during expedited discovery.[16] He points to the defendants' withdrawal of their motion to compel just before it was to be heard as evidence of the defendants' bad faith.[17]

---

[13] *Id.* at 150.

[14] *Reagan v. Randall*, 2002 WL 1402233, at *3 (Del. Ch. June 21, 2002).

[15] Pl.'s Mot. 1.

[16] *Id.* at 1, 3.

[17] *Id*. at 12.

This grievance is deficient. Discovery of important non-party, non-resident individuals who allegedly conspired with Jorgl proved complex—partly due to the highly expedited schedule Jorgl sought. The subpoenas to counsel sought documents to fill that gap. They appear tailored to seek relevant information about the alleged co-conspirators and avoid privileged communications.[18] But even if the subpoenas were troublesome, I see no indication that they were issued to harass or oppress Jorgl and his counsel. As to the withdrawal of the defendants' motion to compel, it appropriately followed BakerHostetler's certification that it lacked responsive communications.[19]

## B. Defendants' Motion

The defendants assert that Jorgl prosecuted this suit in bad faith by advancing a bogus story.[20] For example, they say that Jorgl's complaint and subsequent filings falsely denied the involvement of certain individuals in the nomination process, despite evidence to the contrary.[21] The defendants further

---

[18] *See* Defs.' Opp'n 2.

[19] *See id.* at 9.

[20] Defs.' Mot. 1, 8, 10-13; *see also* Defs.' Reply 1.

[21] Defs.' Reply 2-3; *see Beck v. Atl. Coast PLC*, 868 A.2d 840, 853 (Del. Ch. 2005) (awarding fees under the bad faith exception for plaintiff's "mindset to mislead" and "paint[ing] a fundamentally deceptive picture").

contend that Jorgl's discovery responses were evasive and delayed the disclosure of critical information.[22]

The defendants' arguments come closer to supporting fee shifting than Jorgl's. As I indicated in denying Jorgl's motion for a preliminary injunction, Jorgl's nomination was bizarre. He learned of AIM when his "surfing buddy," who wanted a board seat, asked him to buy shares, and submitted a nomination days later.[23] It seems that Jorgl buried his head in the sand when it came to the broader scheme to unseat AIM's board.

Still, I lack "clear evidence" of bad faith conduct. This litigation did not proceed past the preliminary injunction stage. I neither held that Jorgl's narrative was untrue nor issued factual findings on the merits of his claims.[24] In fact, I denied the defendants' request for an adverse inference on similar grounds.[25] Much of the evidence cited by the defendants in their fee-shifting motion concerns the Kellner action—a separate matter where the Delaware Supreme Court declined to permit the parties to pursue fee petitions.

---

[22] Defs.' Reply 8.

[23] Mem. Op. 1.

[24] Pl.'s Opp'n 1.

[25] Mem. Op. 18 n.91 ("Even if Jorgl was not forthcoming, his conduct d[id] not rise to the level that would justify an adverse inference.").

### III.   CONCLUSION

Both parties' motions for fees are denied.  Neither party has demonstrated the sort of extraordinary circumstances or clear evidence of bad faith that would warrant fee shifting.  Consistent with the American Rule, each party will bear its own fees and costs.  This long-pending saga is over.

Sincerely yours,

*/s/ Lori W. Will*

Lori W. Will
Vice Chancellor